**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
----------------------------------------------------------X
VALERIE THOMAS

                      Plaintiff,

            -against-                    **MEMORANDUM OF DECISION AND ORDER**
                                                        09-cv-4900 (ADS)(WDW)

ERIK K. SHINSEKI, as SECRETARY OF THE
DEPARTMENT OF VETERANS AFFAIRS,

                      Defendant.
----------------------------------------------------------X

**APPEARANCES:**

**Gary P. Field, Esq.**
*Attorney for the plaintiff*
425 New York Avenue
Suite 204
Huntington, NY 11743

**Loretta A. Lynch, United States Attorney**
**for the Eastern District of New York**
*Attorneys for the United States*
610 Federal Plaza
Central Islip, NY 11722
        By:  Robert W. Schumacher, II, Assistant United States Attorney


**SPATT, District Judge.**

        On November 12, 2009, Plaintiff Valerie Thomas ("the Plaintiff") commenced this action against her employer, the United States Department of Veterans Affairs ("the Department" or "the Defendant"), under the American With Disabilities Act, 42 U.S.C. § 12117(a). Presently before the Court is the Defendant's motion to dismiss the Plaintiff's claims for failure to prosecute pursuant to Federal Rules of Civil Procedure

41(b) ("Fed. R. Civ. P. 41(b)" or "Rule 41(b)"). For the reasons set forth below, the Court grants the Defendant's motion.

## I. BACKGROUND

The relevant facts have been previously described by the Court in this case as follows:

> On November 12, 2009, the plaintiff filed a complaint asserting causes of action against the defendant Department of Veterans Affairs for employment discrimination and retaliation. No activity took place in the case for the four months following the filing of the complaint, so on March 23, 2010, the Court issued a letter to the plaintiff stating, "Plaintiff's counsel is requested to inform the Court within ten (10) days of this notice, why an order should not be entered dismissing this action for failure to prosecute pursuant to Fed. R. Civ. P. 41(b)." The plaintiff's counsel did not write to inform the Court of the reason for the inactivity on the case. Accordingly on April 9, 2010, the Court entered an order dismissing the plaintiff's case pursuant to Rule 41(b) for failure to prosecute.
>
> On April 27, 2010, the plaintiff filed a motion with the Court requesting (1) to be relieved of the Court's order dismissing the plaintiff's case, pursuant to Fed. R. Civ. P. 60(b), and (2) that the Court enter a default judgment against the defendant for failure to answer her complaint. The next day, the defendant wrote to oppose the plaintiff's motion, and stated that, while the plaintiff had served the complaint on the Department of Veterans Affairs, the plaintiff had not also served the complaint on the local United States Attorney and the Attorney General, as required by law. In reply, the plaintiff agreed that she had improperly served the government, and withdrew her motion for a default judgment. However, the plaintiff reiterated her request that the Court reopen the case, and also then requested that the Court permit her additional time to serve the defendant properly.
>
> On July 12, 2010, the Court denied the plaintiff's Rule 60(b) motion to reopen, but granted leave to refile the motion with an explanation for (1) the plaintiff's failure to respond to the Court's letter indicating impending dismissal, and (2) the plaintiff's failure to properly serve the defendant. On July 30, 2010, the plaintiff filed a renewed motion to reopen the case pursuant to Rule 60(b). In support of this motion, the plaintiff's attorney stated that he had fired the process server who had failed to properly serve the defendant, and that he had believed

> that he had sufficiently responded to the Court's letter by filing an affidavit of service. In addition, the plaintiff's attorney stated that a family emergency had caused him to be less attentive to this matter than he usually would have been. By letter dated August 12, 2010, the defendant stated that it "takes no position with regard to Plaintiff Valerie Thomas' [] application for an order pursuant to Fed. R. Civ. P. 60(b) to relieve Plaintiff of the Court's order dismissing the case for failure to prosecute." (Def.'s Resp. at 1.)

(See Order dated November 4, 2010, Docket Entry 11 ("the November 4, 2010 Order")).

In the November 4, 2010 Order, the Court, in the interest of justice, granted the Plaintiff's motion to be relieved of the Court's April 9, 2010 order dismissing the case for failure to prosecute pursuant to Rule 41(b) due to the Plaintiff's failure to effectuate (1) proper service upon a governmental agency, pursuant to Fed. R. Civ. P. 4(i); and (2) timely service within 120 days as required, pursuant to Federal Rule of Civil Procedure 4(m) ("Fed. R. Civ. P. 4(m)"). The Court issued a further directive that the Plaintiff was granted until December 3, 2010, to properly serve the Defendant, specifically referencing Fed. R. Civ. P. 4(i)(4) and (4)(m). The Plaintiff thereafter filed a certificate of service on November 23, 2010 certifying service on Loretta E. Lynch, the United States Attorney, but did not file proof of service on the Department or the U.S. Attorney General.

The Plaintiff has failed to take any other action with regard to the present case since the filing of the certificate of service on November 23, 2010. On May 3, 2011, the Defendant filed a motion to dismiss for failure to prosecute pursuant to Fed. R. Civ. P. 41. In particular, the Defendant contends that the Plaintiff has failed to comply with the Court's November 4, 2010 order to properly serve the Defendant within the

3

designated time, because the Plaintiff did not serve all three entities required under Fed. R. Civ. P. 4(i) for service upon a governmental agency: the agency, the local U.S. Attorney's office, and the U.S. Attorney General. The Defendant further maintains that this noncompliance should be treated as a failure to prosecute and thus warrants dismissal of the Plaintiff's complaint. The motion is unopposed.

## II. DISCUSSION

**A. Standard on a Motion to Dismiss Pursuant to Fed. R. Civ. P. 41**

Fed. R. Civ. P. 41(b) provides, in part, that "[i]f the plaintiff fails to prosecute or to comply with . . . a court order, a defendant may move to dismiss the action or any claim against it." Rule 41(b) obligates a plaintiff to diligently prosecute her case. See Lyell Theatre Corp. v. Loews Corp., 682 F.2d 37, 43 (2d Cir. 1982). Although not explicitly authorized by Rule 41(b), a district court has the inherent power to dismiss a case, *sua sponte*, for lack of prosecution. See Link v. Wabash R.R. Co., 370 U.S. 626, 630–31, 82 S. Ct. 138, 68 L. Ed.2d 734 (1962); Spencer v. Doe, 139 F.3d 107, 112 (2d Cir. 1998). A court's authority to invoke this remedy is essential "because of the strong policy favoring prompt disposition of cases." Lyell Theatre Corp., 682 F.2d at 43. It is well established that "dismissal of an action is warranted when a litigant . . . fails to comply with legitimate Court directives. . . ." Beeks v. Reilly, No. 07-CV-3865, 2009 WL 2568531, at *2 (E.D.N.Y. Aug. 19, 2009) (citations omitted).

In the Second Circuit, a dismissal under Rule 41(b) is determined in light of five, well-established factors, which a Court must consider:

> (1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by

> further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal.

Lucas v. Miles, 84 F.3d 532, 535 (2d Cir. 1996) (citations omitted). No single factor is generally dispositive. Id. Whether the basis for dismissal is a failure to prosecute or noncompliance with a court order, the analysis remains the same because a district court has the power under Rule 41(b) to treat noncompliance as a failure to prosecute. See Simmons v. Abruzzo, 49 F.3d 83, 87 (1995); Baffa v. Donaldson, Lufkin & Jenrette Sec. Corp., 222 F.3d 52, 63 (2d Cir. 2000) ("the factors involved in determining whether there has been an abuse of discretion in either context [—dismissal for failure to prosecute or dismissal for noncompliance—] are nearly identical").

It is well settled that a dismissal under Rule 41(b) "operates as an adjudication on the merits and that such a dismissal is with prejudice." Hoffman v. Wisner Classic Mfg. Co., 927 F. Supp. 67, 71 (E.D.N.Y.1996) (citing Link v. Wabash R.R. Co., 370 U.S. at 632). Although Defendant's motion is unopposed, due to the fact that the relief sought is dismissal with prejudice, the Court should undertake an independent inquiry to determine whether the motion has merit. See Mahadi v. Johnson Controls, Inc., No. 02-CV-1256, 2003 WL 21244545, at *2 (E.D.N.Y. Apr. 25, 2003). Thus, this motion to dismiss will not be granted solely because it has not been opposed.

## B. Whether the Plaintiff Failed to Comply with the Court's November 23, 2010 Order

### 1. Service of Process Upon a Governmental Agency

Rule 4 of the Federal Rules of Civil Procedure sets forth the appropriate procedures for service of a summons and complaint in federal court. Specifically, Rule 4(i)(2) states that service upon a governmental agency is accomplished by service upon both the agency itself as well as the United States. Rule 4(i)(1) further states that in order to serve the United States, a party must deliver a copy of the summons and the complaint to the United States attorney for the district where the action is brought and "send a copy of each by registered or certified mail to the Attorney General of the United States at Washington, D.C.." Fed. R. Civ. P. 4(i)(1)(B). Thus, for service to be completed upon a governmental agency such as the Department of Veterans Affairs, three separate entities must be served. If the plaintiff fails to serve a defendant within 120 days of the filing of the complaint, the court, upon motion or *sua sponte*, must either dismiss the action without prejudice or order that service be made within a specified time. Fed. R. Civ. P. 4(m).

### 2. Whether the Plaintiff Failed to Effectuate Proper and Timely Service Pursuant to the Court's Order

The Court's November 23, 2010 Order "grant[ed] the plaintiff until Friday, December 3, 2010 to properly serve the Defendant." To properly serve the Defendant in this case, which is a governmental agency, the Plaintiff was required pursuant to Fed. R. Civ. P. 4(i) to serve three separate entities: the agency, the U.S. Attorney's office and the U.S. Attorney General. Nearly one year later, the Plaintiff has only filed a certificate of service establishing service upon the local U.S. Attorney's office. Even if

6

this Court were to credit the Plaintiff's initial inadequate service where only the agency was served, the Plaintiff still has not completed proper service by the date required in the Order.

Therefore, this Court finds that the Plaintiff has failed to effectuate proper and timely service pursuant to the Court's November 23, 2010 Order.

## C. Whether the Plaintiff's Failure to Comply with the Court's Order Warrants Dismissal Under Rule 41(b)

Assuming there was no failure to comply with court orders or applicable rules, a failure to serve a defendant properly under the Fed. R. Civ. P. 41(m) would justify only dismissal without prejudice. However, the issue before the Court is not solely the Plaintiff's failure to serve a defendant properly, but also the Plaintiff's failure to serve a defendant properly pursuant to an order from this Court. Therefore, dismissal with prejudice under Rule 41(b) may be proper. Moreover, at least one other court in this district has found that when a court has allowed the plaintiff additional time beyond the 120 days in order to serve the defendant, as is the case here, and the plaintiff fails to do so, a dismissal pursuant to Rule 41(b) for failure to prosecute may be warranted. See Escobar v. New York, No. 05-3030, 2010 WL 629828, at *8 (E.D.N.Y. Feb. 22, 2010) (citing O'Rourke Bros. Inc. v. Nesbitt Burns, Inc., 201 F.3d 948, 953 (7th Cir. 2000)).

### 1. Whether Plaintiff's Failure to Effectuate Service According to the Court's Order Caused a Delay of Significant Duration

There are two considerations under the first factor: (1) whether the failures were those of the plaintiff, and (2) whether the failures were of significant duration. See Spencer, 139 F.3d at 113. Here, there is no dispute that the failure to comply with the Court's November 4, 2010 Order to "properly serve the defendant" by the designated

7

date of December 3, 2010 was the fault of the Plaintiff's and the Plaintiff's alone. The Plaintiff did attempt to re-effectuate the previous deficient service, which this Court granted her leave to do. However, the second effort was similarly insufficient to fully satisfy the rules regarding service of process as plainly stated in the Federal Rules of Civil Procedure. As set forth above, the Plaintiff's November 23, 2010 certificate of service only indicates service on the U.S. Attorneys' Office. Even assuming, arguendo, that the Plaintiff properly served the agency during her initial service attempt, the Plaintiff never served the U.S. Attorney General as required. The failure to comply with the Court's order therefore lies entirely with the Plaintiff.

With respect to the second consideration, this Court finds that the delay in the present case is significant. In previous cases, courts have found that delays obtaining service of only a few months are excusable where "the evidence showed a valid reason for the delay and plaintiff was not engaging in dilatory tactics." See, e.g., Ingram v. Kramer, 585 F.2d 566, 572 n.13 (2d Cir. 1978). The latter does not appear to be an issue in the present case. However, unlike the initial extension of time granted by this Court due to Counsel's family emergency, there has been no valid reason, or any reason given, for this particular delay. Furthermore, the duration of the delay itself has been substantial. The Court's Order directed the Plaintiff to effectuate service by December 3, 2010. Ten months have passed, and the Plaintiff has yet to fully comply. The Second Circuit has found delays in prosecuting of only six or seven months to be significant. See, e.g., Chira v. Lockheed Aircraft Corp., 634 F.2d 664, 666-68 (2d Cir. 1980). Thus, the first factor weighs in favor of dismissal.

**2. Whether Plaintiff Was On Notice That Failure to Comply with the Court's Order Would Result in Dismissal**

As to the second factor regarding notice, the November 4, 2010 Order did not explicitly state that failure to comply would result in dismissal of the action. However, nevertheless, the Court finds that the Plaintiff was on notice in light of the history of this case. The Plaintiff's first warning came from the initial notice on March 23, 2010, which instructed Plaintiff to inform the Court why the case should not be dismissed for failure to prosecute. Secondly, this Court has already dismissed this case once pursuant to Fed. R. Civ. P. 41(b). Lastly, the Court's order granting Plaintiff a second opportunity to complete service contained explicit language regarding Plaintiff's obligation to effectuate proper service by a specified date. All of these circumstances should have indicated to the Plaintiff that compliance with the November 4, 2010 Order was necessary to continue prosecution of the action. Moreover, almost a year later, the Plaintiff has yet to submit a satisfactory explanation for her failure to comply with the Court's clear directive.

Thus, the notice factor favors dismissal in this case.

**3. Whether Plaintiff's Failure to Effectuate Service According to the Court's Order Likely Caused Prejudice to the Defendant**

With regard to the third factor, prejudice to the defendant, there is no evidence in the record that the Plaintiff's delay in properly serving the Defendant caused any particular or specially burdensome prejudice to the Defendant beyond the delay itself. However, because of the increased likelihood that evidence in support of the other party's position may be lost and that discovery and trial may be made more difficult,

prejudice may be presumed from an unreasonable delay. See, e.g., Wubayeh v. City of New York, 320 F. App'x 60, 62 (2d Cir. 2009); Shannon v. Gen. Elec. Co., 186 F.3d 186, 195 (2d Cir. 1999) (citing Lyell Theatre Corp. v. Loews Corp., 682 F.2d 37, 43 (2d Cir.1981)). This is a rebuttable presumption. See LeSane v. Hall's Sec. Analyst, Inc., 239 F.3d 206, 210 (2d Cir. 2001). Yet, the Plaintiff has not availed herself of the opportunity to rebut the presumption by presenting any evidence as to why she has not complied with the Court's Order.

Thus, this factor also weighs in the direction of dismissal.

**4. Whether the Court's Interest in Managing It's Docket Outweighs the Plaintiff's Opportunity To Be Heard**

As to the fourth factor, there is a strong interest of this Court in calendar management while simultaneously balancing a plaintiff's due process rights. The Court has already utilized resources to dismiss this case once for failure to prosecute pursuant to Fed. R. Civ. P. 41(b). The Plaintiff is again solely responsible for this motion before this Court for a second time. The Court understands the importance of allowing the Plaintiff a fair chance to be heard. However, after granting the Plaintiff the opportunity to complete proper service two times, the opportunity should not be granted again. When a suit has been filed for nearly two years without effecting proper service of process, as in the present case, this factor clearly favors dismissal to ensure orderly and expeditious disposition of cases.

**5. Whether the Court Has Adequately Considered Lesser Sanctions**

Lastly, as to the fifth factor regarding the efficacy of lesser sanctions, this Court recognizes that less drastic alternatives are available such as an additional extension of

time. However, such an extension of time has already been granted in this case. The Plaintiff has not only squandered her second opportunity given by this Court, but has also failed to provide any reason for her noncompliance with a direct order from this Court issued nearly a year ago. This failure, in addition to a complete lack of any explanation for this failure, indicates a lack of good faith in prosecuting her claims at this time.

Accordingly, all the factors in this case weigh in favor of dismissal.

### III. CONCLUSION

In light of the Plaintiff's failure to comply with the Court's order and to diligently prosecute this case, the Court finds that dismissal of this action is appropriate under Fed. R. Civ. P. 41(b). The Court recognizes that dismissal is a "harsh remedy" which warrants "extreme" circumstances. Spencer, 139 F.3d at 112. Nonetheless, the Court finds that such circumstances exist here. The Plaintiff has now failed twice to properly serve the Defendant. Furthermore, the Plaintiff never submitted a response to the Defendant's May 3, 2011 motion seeking dismissal of this action in order to provide an explanation for her noncompliance with the Court's Order. The Plaintiff has failed to comply with a clear Court directive and has woefully failed to comply with Rule 4(m)'s 120-day service requirement. These are sufficient grounds warranting dismissal of the Plaintiff's case. The case is dismissed with prejudice.

For the foregoing reasons, it is hereby

**ORDERED** that the Defendant's motion to dismiss for failure to prosecute pursuant to Fed. R. Civ. P. 41(b) is granted, and the Plaintiff's claims against the Defendant are dismissed in their entirety with prejudice.

The Clerk of the Court is directed to close this case.

**SO ORDERED.**

Dated: Central Islip, New York
October 6, 2011

                                                */s/ Arthur D. Spatt*
                                                ARTHUR D. SPATT
                                            United States District Judge